DECISION
Plaintiffs appeal concerning certain omitted property (OMP) assessments for the four tax years 2006-07, 2007-08, 2008-09 and 2009-10.
A case management conference was held on April 20, 2010. Jay F. Van Hoff participated on his own behalf. Doug Hillpot appeared for Defendant.
 I. STATEMENT OF FACTS
The essential facts are not in dispute. The parties agree there was no bad faith by either side; the court concurs.
In 2005, Plaintiffs added a utility room and extra bath to their residence. (Ptfs' Compl at 2.) All necessary permits were obtained; all required inspections did occur. (Id.) Defendant was not notified of the actions by any other official source.
The addition was completed prior to the January 1, 2006 assessment date. It was not captured by Defendant's real property assessment in a timely fashion for that tax year and the three immediately following. (Id. at 2.)
Defendant discovered the omission in early 2010. Correction notices were mailed to Plaintiffs on March 2, 2010. (Id. at 3.) The additions were made to the assessment rolls for these four years. The additional taxes are due as part of the upcoming 2010-11 tax statement. (Id.) *Page 2 
Plaintiffs propose that they pay the additional amounts due for 2009-10 only and the court cancel the amounts for the prior three years. (Id. at 2.)
 II. ANALYSIS
ORS 311.216 grants authority to the assessor to add the value of omitted real property including "any buildings, structures, [or] improvements" to the tax roll if that property "has from any cause been omitted, in whole or in part * * *." ORS 311.216(1).[1]
That statute, in part, provides:
 "Whenever the assessor discovers or receives credible information, or if the assessor has reason to believe that any real or personal property * * * or any buildings, structures, [or] improvements * * * on land previously assessed without the same, has from any cause been omitted, in whole or in part, from assessment and taxation on the current assessment and tax rolls or on any such rolls for any year or years not exceeding five years prior to the last certified roll, the assessor shall give notice as provided in ORS 311.219."
ORS 311.216(1).
The applicable statutory scheme provides that notice "shall be given" to the taxpayer of the assessor's "intention to add the property to the assessment or tax roll under ORS 311.216 to 311.232." ORS 311.219. ORS 311.219 further requires that the taxpayer be given 20 days to appear and "show cause, if any, why the property should not be added to the assessment and tax roll * * *." The notice requirement is not at issue.
If the taxpayer either fails to appear or "fails to show any good and sufficient cause why the assessment shall not be made, the assessor shall proceed to correct the assessment or tax roll or rolls from which the property was omitted." ORS 311.223(1). That statute goes on to provide that: / / / *Page 3 
 "To carry out the correction of a tax roll or rolls the assessor shall send a written statement to the tax collector instructing the tax collector to make the necessary changes on the tax roll. The statement shall contain all of the information needed by the tax collector to make the changes in the roll and it shall be dated and signed by the assessor or the deputy of the assessor. The tax collector shall then correct the tax roll."
Id.
The statute further provides that:
 "Immediately after the assessor corrects the assessment or tax roll the assessor shall file in the office of the assessor a statement of the facts or evidence on which the assessor based the correction and notify the taxpayer by written notice [of certain information related to the assessment]."
ORS 311.223(2).
It is clear that Defendant is required to add property previously omitted from the assessment and tax rolls to such rolls for up to six years. This is mandatory and not discretionary.
The construction occurred, the property was omitted from assessment, the error was discovered, and the corrections were made. This follows the statutory scheme exactly.
Plaintiffs request waiver of all taxes due for 2006-07, 2007-08 and 2008-09. The court is without authority to order such remedial action. *Page 4 
 III. CONCLUSION
There is no error or omission shown on behalf of the assessor. The OMP assessments are correct. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of May 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This Decision was signed by Magistrate Jeffrey S. Mattsonon May 28, 2010. The court filed and entered this Decisionon May 28, 2010.
[1] Unless noted otherwise, all references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1